ROBERT B. SYKES (#3180)
    bob@sykesinjurylaw.com
ALYSON E. CARTER (#9886)
    alyson@sykesinjurylaw.com
**ROBERT B. SYKES & ASSOCIATES, P.C.**
311 South State Street, Suite 240
Salt Lake City, Utah  84111
Telephone (801) 533-0222
Facsimile (801) 533-8081
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| LINDA MITCHELL, | |
| Plaintiff, | **AMENDED COMPLAINT AND JURY DEMAND** |
| vs. | |
| DAVID DOW, MIDVALE CITY POLICE OFFICER, and JOHN and JANE DOES 1-15, | Civil No. 2:08-cv-00726-DB |
| Defendants. | Judge Dee Benson |

Pursuant to Rule 41, Plaintiff Linda Mitchell ("Mitchell") amends her Complaint and complains and alleges for causes of action against Defendants as follows:

## PRELIMINARY STATEMENT

This is a civil rights action in which the Plaintiff, Linda Mitchell, seeks relief for the Defendants' violations of her rights guaranteed by the United States Constitution, specifically the Fourth Amendment, which right is further secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and § 1988, and by the laws and the Constitution of the State of Utah.  Mitchell seeks damages, both compensatory and punitive damages; affirmative and equitable relief; an award of attorney's fees, costs, and interest; and other and further relief as this Court deems just and equitable.  This is further an action at law to redress a deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiff by the Fourth Amendment of the Constitution of the United States, and arises under the law and statutes of the State of Utah.

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and federal law, particularly under the provisions of the Fourth Amendment of the Constitution of the United States, and 42 U.S.C. §§ 1983, 1985 and 1988.

2. This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is therefore invoked pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

3. The claims made in this Amended Complaint occurred and arose in the State of Utah, in this District, and in the Central Division. Venue is therefore proper under 28 U.S.C. § 1391.

4. Mitchell is seeking damages pursuant to the claims for relief specified below in amounts to be proved at trial.

## PARTIES

5. Plaintiff Linda Mitchell is a citizen of the United States of America and is a resident of Salt Lake City, County of Salt Lake, State of Utah.

6. At all times relevant herein, Officer David Dow ("Dow") was a law enforcement officer employed by the Midvale City Police Department, City of Midvale, State of Utah.

7. At all times relevant herein, other yet to be identified law enforcement officers who were involved in the violations described below were employed by the Midvale City Police Department, City of Midvale, State of Utah.

8. This action is brought against Dow and yet to be identified officers (who were with him on the night in question) in their individual and official capacities. Their authority to act was derived from Utah State law and/or the commands and directives of their superiors. All of the acts of the individuals and entities listed in the following paragraphs were performed under color of the

laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Utah and the City of Midvale.

9.  Mitchell will serve notice of her pendant state claims against the Defendants pursuant to Utah law. Such claims may be amended into this Complaint at a later time. Mitchell denies that notice is required of any such claims in this Complaint since state law notice of such claims is not required.

## FACTUAL ALLEGATIONS

10. On or about May 23, 2007, Mitchell was visiting friends at a residence in the City of Midvale, Utah. As an invited guest at the home, Mitchell had a right of privacy cognizable under the Fourth Amendment.

11. At some time in the previous weeks, there had been a home invasion at the location of the residence that Mitchell was visiting.

12. At some time after 11:00 p.m., Mitchell heard a commotion outside the residence.

13. Mitchell opened the front door and was alarmed by bright lights directly in her eyes, as well as shouting. She quickly closed the door.

14. Almost immediately, Officer Dow and/or another as yet unnamed Midvale police officer pushed the door open and entered the residence.

-5-

15. The Defendants did not identify themselves as police officers, and Mitchell feared for her life.

16. Officer Dow and another officer pulled Mitchell outside the residence and forcefully "proned her out" onto the sidewalk. Mitchell did not, at any time, offer any resistance.

17. While Mitchell was on her stomach on the sidewalk, Officer Dow or another Defendant officer put his knees into her back, grabbed her hair, and pounded her face into the sidewalk numerous times, causing, among other things, four of Mitchell's teeth to be knocked out.

18. Mitchell was subsequently shot with a Taser and shocked numerous times.

19. Mitchell had significant facial trauma, and the Midvale Fire Department was called to attend to her injuries.

20. Mitchell was transported to the hospital by ambulance.

21. Alta View Hospital emergency room physician Brian Oliver, M.D. reported that Mitchell showed evidence of facial trauma and multiple contusions. Mitchell also lost four teeth due to the officers' actions.

## FIRST CAUSE OF ACTION

### Illegal Entry

### Against Officer Dow and/or Yet to be Named Midvale Officers Cognizable Under 42 U.S.C. § 1983

22. Entering a home without permission, a warrant, or exigent circumstances is *per se* unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions. Those who seek exception must show that exigencies of the situation made that course imperative, and the burden is on those seeking the exemption to show the need for it. Absent a warrant, there must be probable cause and/or exigent circumstances that justify entering a home by force.

23. Defendant Dow and/or yet to be named Midvale Police Officers conducted a warrantless forced entry into the referenced home, without permission, probable cause, or exigent circumstances.

24. The violation of Mitchell's rights is actionable under 42 U.S.C. § 1983, and she is entitled to judgment against Defendants, jointly and severally, under that section for damages to be shown or determined at trial.

25. Mitchell is entitled to attorney fees and costs against the Defendants, jointly and severally, under 42 U.S.C. § 1988.

26. Mitchell is entitled to punitive damages against the individual Defendants, as allowed by law, since Defendants' actions were intentional, wanton, malicious, and oppressive.

## SECOND CAUSE OF ACTION

### Excessive Force - Against Defendant Dow and/or As Yet Unnamed Midvale Police Officer(s)

### In Violation Of The Fourth Amendment Cognizable Under 42 U.S.C. § 1983

27. Plaintiff incorporates by reference the above allegations.

28. The proper focus in determining the reasonableness of force used is on the events *immediately* confronting officers when they decide to use force. Force is not reasonable when a suspect is non-violent and poses no threat. Furthermore, force is not permitted at all when there is no need to use force.

29. Defendant Dow and/or yet to be named Midvale Police Officers conducted a warrantless forced entry into the referenced home, without permission, probable cause, or exigent circumstances. The entering officers failed to identify themselves as police officers. Mitchell just knew that there was a commotion outside, and then someone violently entered the residence through the front door of the home. After Mitchell realized the entering officers were police officers, she complied, did not resist, and gave no reason to believe there could be

any exigent circumstance or probable cause to justify the violent and inhumane treatment by Defendant officers. There was no need for Officer Dow or any other Midvale police officer to grab her hair, pound her face into the sidewalk, or to fire a Taser at her and shock her.

30. The violation of Mitchell's rights are actionable under 42 U.S.C. § 1983, and Mitchell is entitled to judgment against Defendants in an amount to be proved at trial, plus costs and attorneys fees pursuant to 42 U.S.C. § 1988.

31. Mitchell is entitled to punitive damages against the individual Defendants, as allowed by law, since Defendants' actions were intentional, wanton, malicious, and oppressive.

### JURY DEMAND

Plaintiff requests a jury trial on all issues in this case.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. For general compensatory damages in an amount to be determined at trial;

2. For special damages as are shown at trial;

3. For punitive damages against named individuals as may be allowed by law;

4. For pre-judgment interest on the damages assessed by the verdict of the jury, as allowed by law;

5. For Plaintiff's costs and reasonable attorney fees incurred herein, pursuant to 42 U.S.C. 1988; and

6. For such other and further relief as the Court deems just and proper.

DATED this 21st day of October, 2008.

**ROBERT B. SYKES & ASSOCIATES, P.C.**

/s/ Alyson E. Carter
ROBERT B. SYKES
ALYSON E. CARTER
*Attorneys for Plaintiff*

Q:\CLIENT\1977 Mitchell\2. P\Amended Complaint.102108.wpd