ROBERT B. SYKES (#3180)
    bob@sykesinjurylaw.com
ALYSON E. CARTER (#9886)
    alyson@sykesinjurylaw.com
**ROBERT B. SYKES & ASSOCIATES, P.C.**
311 South State Street, Suite 240
Salt Lake City, Utah 84111
Telephone (801) 533-0222
Facsimile (801) 533-8081
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| LINDA MITCHELL, <br><br> Plaintiff, <br><br> vs. <br><br> MARCELO RAPELA and GREGG OLSEN, et al., <br><br> Defendants. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE KENNETH WALLENTINE AS DEFENDANTS' EXPERT WITNESS** <br><br> Civil No. 2:08-cv-00726-DB <br><br> Judge Dee Benson |

      Plaintiff Linda Mitchell hereby submits this Memorandum in Support of Motion in Limine to Exclude Kenneth Wallentine as Defendants' Expert Witness. Mr. Wallentine's testimony should be excluded in that it is irrelevant and would unfairly prejudice the Plaintiff, and it usurps the role of the court in instructing the jury on the law.

## I. WALLENTINE'S TESTIMONY IS IRRELEVANT AND WOULD UNFAIRLY PREJUDICE THE PLAINTIFF

### A. Applicable Federal Rules of Evidence

Article IV of the Federal Rules of Evdience concerns relevancy and its limits. Rule 402 is concerned with the admissibility of evidence based on relevance, and unambiguously states that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Rule 403 allows for the exclusion of relevant evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confustion of the issues, or misleading the jury...." Fed. R. Evid. 403. Rule 403 exists because there are circumstances where admitting otherwise relevant evidence would be adverse to the interests of justice:

> The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission. Slough, Relevancy Unraveled, 5 Kan. L. Rev. 1, 12-15 (1956); Trautman, Logical or Legal Relevancy -- A Conflict in Theory, 5 Van. L. Rev. 385, 392 (1952); McCormick § 152, pp. 319-321.

Fed. R. Evid. 403, Advisory Committee Notes.

Article VII of the Federal Rules of Evidence deals specifically with opinions and expert testimony. "An intelligent evaluation of facts is often difficult or impossible without the application of some scientific, technical, or other specialized knowledge. The most common source of this knowledge is the expert witness...." Fed. R. Evid. 702, Advisory Committee Notes. Rule 702 allows experts to testify in hearings where scientific,

technical, or other specialized knowledge is required, and lists the qualifications of an expert. Rule 702 is largely influenced by the seminal Supreme Court cases of <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Co. et al., v. Carmichael</u>, 526 U.S. 137 (1999); the Advisory Committee Notes to Rule 702 expressly state as much. The 2000 amendment to the rule

> affirms the trial court's role as gatekeeper and provides some general standards that the trial court must use to assess the reliability and helpfulness of proffered expert testimony. Consistently with <u>Kumho</u>, the Rule as amended provides that all types of expert testimony present questions of admissibility for the trial court in deciding whether the evidence is reliable and helpful. Consequently, the admissibility of all expert testimony is governed by the principles of Rule 104(a). Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence. See <u>Bourjaily v. United States</u>, 483 U.S. 171 [97 L. Ed. 2d 144] (1987).

Fed. R. Evid. 702, Advisory Committee Notes.

Rule 703 allows the expert to base her opinion on facts and data that "need not be admissible in evidence in order for the opinion or inference to be admitted." Fed R. Evid. 703. Rule 704(a) allows admission of expert testimony that "embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704.

**B. Trial Judges are Gatekeepers on Questions of Admissible Evidence, Including Scientific, Technical, and Other Specialized Testimony**

The judge of a trial court is charged with a "gatekeeper" function on questions of admissible evidence. See <u>Kumho Tire Co. et al., v. Carmichael</u>, 526 U.S. 137, 119 S. Ct. 1167 (1999). According to Justice Breyer, a trial judge's "gatekeeping" obligation applies not only to "scientific" testimony, but to all expert testimony. See <u>Kumho</u>, 526 U.S. at 147.

Justice Breyer continued, stating that Federal Rule of Evidence 702 "does not distinguish between "scientific" knowledge and "technical" or "other specialized" knowledge, but makes clear that any such knowledge might become the subject of expert testimony." Id. The Court concluded that this interpretation of Rule 702 would insure that an expert witness's testimony rests on a reliable foundation and is relevant to the task at hand.

Mr. Wallentine's testimony does not fall into the realm of scientific knowledge, but it nevertheless remains expert testimony. Plaintiff has little doubt that Mr. Wallentine is indeed every inch the expert his credentials suggest he should be. And indeed, Mr. Wallentine's testimony should be considered "technical" or otherwise specialized; Plaintiff concedes these points as obviously and undeniably accurate.

### C. Wallentine's Testimony is Irrelevant

Despite his credentials and experience, Mr. Wallentine's testimony is irrelevant to the instant litigation and therefore should be excluded from this action. Wallentine's expert report (and, presumably, future testimony) is largely concerned with proper police procedure. See generally Exhibit 1. The issue at trial is whether City of Midvale police officers violated Linda Mitchell's Constitutional rights, not whether the City of Midvale has proper police procedures. We therefore pray that the court grant Plaintiff's motion to bar Mr. Wallentine on the grounds that his testimony is irrelevant

The case at bar is concerned with the violation of Constitutionally secured rights, and Wallentine focuses on police procedure. Mr. Wallentine was not present, and does not know what actually occurred during the incident at bar; what happened is what is

relevant here. Whether or not the "procedures" utilized (or violated) by Defendants were appropriate and necessary are not questions put to this tribunal:

> [Party] intends to present expert testimony concerning state police policies and procedures through a witness who himself was a state trooper. [Party] offers no reason why it would be helpful for the jury to hear opinion testimony about police procedures and whether the officers' conduct ...comported with those procedures. The issue before the jury will be whether the officers violated [Plaintiff]'s rights under the United States Constitution, not whether they violated state police policies or procedures. See Thompson v. City of Chicago, 472 F.3d 444, 453-454 (7th Cir. 2006); Shango v. Jurich, 681 F.2d 1091, 1101 (7th Cir. 1982).

Longs v. Lebo, et al., 2009 U.S. Dist. LEXIS 25434, 16, 17 (2009 N.D. Ind.). Longs provides a nearly identical set of facts, and the court's reasoning therein is sound. Police officers are expected to uphold the law not just of their immediate jurisdiction, but of the United States as well. Whether a particular procedure violates the letter and spirit of the Constitution is not the issue before this tribunal; the immediate concern is whether these particular individuals violated Ms. Mitchell's Constitutional rights. Thus, Mr. Wallentine's testimony is outside the scope of, and has little relevance to, the Plaintiff's claim.

### D. Plaintiff Would Be Unfairly Prejudiced by Wallentine's Testimony

The application of the law in <u>Longs</u> is underscored by <u>Spears v. Cooper</u>, 2008 U.S. Dist. LEXIS 107048 (2008 E.D. Tenn.). <u>Spears</u> interprets Federal Rule of Evidence 702 to require the trial court to

> determine if expert testimony is sufficiently relevant before it can be admitted. This means the expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." [Fed. R. Evid. 702]. Even if this requirement is satisfied, **a court must exclude the expert testimony if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury**, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." [Fed. R. Evid. 403]; <u>see also</u> <u>Daubert</u>, 509 U.S. at 595. A court must also consider the greater influence an expert's testimony may have over a jury, due to his credentials and authoritative demeanor, in comparison to a layperson, and evaluate possible unfair prejudice accordingly. <u>Daubert</u>, 509 U.S. at 595.

<u>Spears</u> at 13 (emphasis added). Thus, even if evidence is found to be relevant, where it would unfairly prejudice a party or mislead the jury, such evidence must be excluded. Evidence is unfairly prejudicial where it "could lead the jury to make an emotional or irrational decision." Saltzburg, Stephen A., Capra, Daniel J., and Martin, Michael M., Commentary to Fed. R. Evid. 403.

Trial judges are in a special position to weigh the probative value of evidence against its prejudicial effects when the evidence is proffered by an expert witness:

> Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.

Daubert, 509 U.S. at 595 (citing generally Weinstein, Rule 702 of the Federal Rules of Evidence is Sound; It Should Not Be Amended, 138 F.R.D. 631, 632 (1991)). The trial judge must make a determination as to whether the proposed testimony would unfairly prejudice the party, or confuse the issues and/or mislead the jury. Because Mr. Wallentine is an expert witness, it lies entirely within the judge's discretion to disallow Mr. Wallentine's testimony.

Ms. Mitchell would be unfairly prejudiced by Mr. Wallentine's testimony. Mr. Wallentine, in his report, presents the actions of Defendants as entirely within the bounds of acceptable police behavior. He states that entry into the home was "reasonable and comported with generally accepted police practices." Exhibit 1 at 8. He states that the residence was a "known 'drug house,'" and that an "assault rifle" had at some point in the past been recovered at the same residence. Id. at 9. He presents his inference that "several knives were available on the counter" and that Ms. Mitchell was moving for them as fact. Id. at 10. His understanding of the facts is based entirely on the police report and show virtually no familiarity with the testimony provided by Ms. Mitchell and Barbara Davidson at their depositions.

In sum, Mr. Wallentine's expert testimony is little short of a legal conclusion of the rightfulness of Defendants' actions. Such testimony coming from a highly regarded authority on police activity will unfairly prejudice Ms. Mitchell by swaying the jury to accept factual allegations of the incident from a witness who was not present when it occurred. Further, such testimony will infer to the jury that "generally accepted police practices"

equates to Constitutionally acceptable behavior, thus confusing the issue and misleading the jury.

Rules 703 and 704 seemingly present a challenge to this argument, but under the terms of Daubert such a challenge is easily disposed of. Daubert requires that a "court must also consider the greater influence an expert's testimony may have over a jury." Spears, *supra*. So, while Rule 703 may allow Wallentine to postulate based on facts unavailable to the jury, and Rule 704 may allow him to make legal conclusions or decide questions of fact, the trial judge is still given discretion to ensure that the expert's influence does not exceed its bounds. Although Defendants may cite these Rules to support inclusion of Mr. Wallentine's testimony, Rule 702 and Daubert read in favor of excluding it in the interests of eliminating unfair prejudice and misleading the jury.

### III. WALLENTINE'S TESTIMONY WOULD USURP THE ROLE OF THE COURT TO INSTRUCT THE JURY ON THE LAW

Should Mr. Wallentine's testimony be tailored towards what standards are set on police behavior by the Constitution, it would still be inadmissible. To the extent that Mr. Wallentine "might testify as to what the Constitution requires, he would be invading the province of the court to instruct the jury on the law." Longs, *supra*, citing generally RLJCS Enterprises, Inc. v. Professional Benefit Trust Multiple Employee Welfare Benefit Plan and Trust, 487 F.3d 494, 498 (7th Cir. 2007). See also United States Aviation Underwriters, Inc. V. Pilatus Bus. Aircraft, LTD, 582 F.3d 1131, 1151 (10th Cir. 2009) ("such testimony ... violates the rule against experts testifying as to the law governing the jury's deliberations.");

Jimkoski v. State Farm Mut. Auto. Ins. C., 247 Fed. Appx. 654, 662 (6 Cir. 2007) ("The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury. This invades the province of the court to determine the applicable law and to instruct the jury as to that law.") (Internal quotations omitted); United States v. Safa, 484 F.3d 818, 821 (6th Cir. 2007) ("The defendant is correct in contending that witness testimony would improperly invade the province of the court to explain the applicable law to the jury....").

Any testimony by Mr. Wallentine purporting to define the standards of Constitutional guarantees against unreasonable search and seizure or excessive force would equate to jury instruction on the issue presented to the trier of fact. This role is reserved exclusively for the court. Mr. Wallentine's testimony, if tailored to skirt the relevancy and prejudice challenges listed above, can conceivably only remain as his views on the Constitutionality of the Defendants' actions. Not only does Mr. Wallentine's resumé contain nothing suggesting his expert status on issues of Constitutionality and the police, but he would be stepping on the toes of the court. Thus his testimony should be excluded.

## IV. CONCLUSION

Because Mr. Wallentine's testimony is (1) irrelevant; (2) excludable by the judge acting in the "gatekeeper role" defined in Fed. R. of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., and such testimony would be unfairly prejudicial to Ms. Mitchell as well as confusing the issues and mislead the jury; and (3) barred as it infringes

on the province of the court, Plaintiff prays that the court grant her Motion in Limine to Exclude Kenneth Wallentine as Defendants' Expert Witness.

Plaintiff's Exhibit 1 attached hereto.

DATED this 1st day of July, 2010.

**ROBERT B. SYKES & ASSOCIATES, P.C.**


/s/ Robert B. Sykes
ROBERT B. SYKES
ALYSON E. CARTER
*Attorneys for Plaintiff*

(RBS/jap)
Q:\CLIENT\1977 Mitchell\12.  T\12.10 MILs & PT Mots\1.P's MILs\8.P.MIL re Wallentine\P's MMIL-Exclude Wallentine.070110.wpd